THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
324 West Soledad St.
Hagatna, Guam 96910
Telephone: 671-479-1003
Facsimile: 671-479-1002
Email: sgflores@gmail.com

Attorney for Defendant Francisco Kawamoto

**FILED**
DISTRICT COURT OF GUAM
MAY 2 2 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00004 |
| Plaintiff, | ) | |
| vs. | ) | TRIAL MEMORANDUM RE: OTHER UNCHARGED CONDUCT AND JOINDER |
| FRANCISCO KAWAMOTO, ET AL | ) | |
| Defendants. | ) | |

COMES NOW, the Defendant, FRANCISCO KAWAMOTO, by and through his undersigned counsel of record, and hereby submits this Trial Memorandum Re: Uncharged Conduct and Joinder in the Trial Memoranda filed by all other Defendants herein.

Respectfully submitted this 22nd day of May, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Francisco Kawamoto

## INTRODUCTION

The Government intends to introduce testimony concerning the alleged illegal issuance of other licenses. The evidence sought to be introduced relates to conduct that was not specifically charged in the Indictment.

## ARGUMENT

If the Government introduces evidence of any transactions other than those which are charged in the Indictment in order to show a pattern of conduct, then the Defendants must be allowed to show transactions over the same time period in order to refute the pattern of conduct the government is alleging. This would potentially lengthen the trial substantially.

The Court must be extremely careful to guard against the danger that a defendant will be convicted because of proof of other offense rather than because the government has introduced evidence to prove beyond a reasonable doubt that the defendants are actually guilty of the offenses for which they are being tried.

Such evidence must be narrowly construed and limited. The criminal conduct must in some cases be similar to the offense charged; and the conduct must be introduced to prove an element of the charged offense that is a material issue in the case and the defendant has to be connected to it. Otherwise, mini-trials as to each other allegedly illegal license will occur.

Even in a proferred item if evidence can be pigeon-holed in a category, it must nonetheless be relevant to establish an element of the offense that is a material issue.

While proof of other conduct may or may not be relevant, the evidence must still clearly show that the defendant was aware of the other offenses an actively sought to bring about its ultimate purpose.

The government seems to maintains that we need not evaluate the admission the evidence in question under Rule 404. It asserts that the evidence was not "other act" evidence, and was exempted from the requirements of Rule 404, because it was "inextricably intertwined" with the underlying offense.

There are generally two categories of cases in which the Ninth Circuit has concluded that "other act" evidence is inextricably intertwined with the crime with which the defendant is charged and therefore need not meet the requirements of Rule 404(b). *United States v. Vizcarra-Martinez*, 66 F.3d 1006 (9th Cir. 1995)

First, it has sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge. For example, in *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir.1993), it was concluded that contemporaneous sales of cocaine and crank by the defendant were inextricably intertwined with the crime with which the defendant was charged: the sale of cocaine. As we noted in *Williams*,"[t]he policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.' " *Williams*, 989 F.2d at 1070 (quoting *United States v. Soliman*, 813 F.2d 277, 278 (9th Cir.1987)). Thus, when it is clear that

particular acts of the defendant are part of, and thus inextricably intertwined with, a single criminal transaction, it has been generally held that the admission of evidence regarding those acts does not violate Rule 404(b).

Second, the Ninth Circuit has allowed "other act" evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime. This exception to Rule 404(b) is most often invoked in cases in which the defendant is charged with being a felon in possession of a firearm. For example, in *United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir.1992), evidence regarding a shoot-out was considered to be "inextricably intertwined" with the charge that the defendant was a felon in possession of a firearm. The court in that case based its holding upon the fact that "evidence regarding the shoot-out was necessary to put [the defendant's] illegal conduct into context and to rebut his claims of self defense." *Id.* Recognizing the difficulty that the prosecution would encounter in proving that the defendant possessed a gun and in rebutting his proffered defense without relating the facts surrounding the commission of the crime, we observed that "the prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon.... '[The jury] cannot be expected to make its decision in a void-without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.' " *Id.* (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir.1984)).

It is clear that the evidence in this case does not fall within either of these exceptions. Coincidence in time is insufficient. There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b).

Because the evidence in question represents "other act" evidence, we must apply the court's four-part test to determine whether it should be excluded. Under Rule 404(b):

> Evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir.1994). In applying this test, the Court has repeatedly emphasized that:

> "Extrinsic act evidence is not looked upon with favor." We have stated that "[o]ur reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is." Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir.1993) (quoting *United States v. Hodges*, 770 F.2d 1475, 1480 (9th Cir.1985)).

In this case the uncharged acts would be a source of confusion for the jurors and the probative value of the evidence sought to be introduced is greatly outweighed by its prejudicial effect. Further, it is highly likely that the evidence will divert the jury's attention from the merits of the case by inducing them to punish or reward a party for being good or bad in general.

## CONCLUSION

For the forgoing reasons and any arguments that may be advanced at the hearing on this matter, the Governement's request to introduce evidence of other uncharged acts should be DENIED.

Respectfully submitted this 22nd day of May, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Francisco Kawamoto