THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
324 West Soledad St.
Hagatna, Guam 96910
Telephone: 671-479-1003
Facsimile: 671-479-1002
Email: sgflores@gmail.com

Attorney for Defendant Francisco Kawamoto

FILED
DISTRICT COURT OF GUAM
JUN 0 3 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | RESPONSE RE: PROPOSAL |
| | ) | TO REDACT THE INDICMENT |
| FRANCISCO KAWAMOTO, ET AL | ) | TO OMIT DEFENDANT LEE FROM |
| | ) | THE FRAUD CHARGES |
| Defendants. | ) | |
| | ) | |

COMES NOW, the Defendant, FRANCISCO KAWAMOTO, by and through his undersigned counsel of record, and hereby submits this Memorandum in response to the proposal to redact the Indictment to omit Defendant Lee from the Fraud Counts as a result of Defendant Lee's Guilty Plea to all Fraud Counts.

Respectfully submitted this 3rd day of June, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Francisco Kawamoto

## INTRODUCTION

The Indictment as returned by the Grand Jury indicates that the Various Examiners are charged with committing Fraud in the issuance of various Guam Driver's Licenses. All of the Fraud Charges are alleged in violation of 18 U.S.C. § 2 in addition to various subsections of 18 U.S.C. § 1028.

## ARGUMENT

The focus when considering whether or not to redact an Indictment is whether or not such an amendment to the Indictment would violate the Defendant's Fifth Amendment right to face only the charges returned against him by the Grand Jury. Indictments may be amended if the amendments do not substantively change the nature of the charges. *United States v. Miller*, 471 U.S. 130 (1985). Redaction is permissible if the elements of the crime charges are fully and clearly set out in what remains. *United States v. Nunez*, 180 F.3d 227 (CA5 1999); *United States v. Budd*, 496 F. 3d 517 (CA6 2007).

In this case the omission of Ms. Lee from the Substantive Fraud Counts does narrow the Indictment but it does not do so in a fashion that would eliminate the elements of the crime charged. What will remain in the Indictment clearly and fully will set out the elements of the crimes charges and provides sufficient notice to the Defendants.

In the case cited by the Government, *United States v. Giampa*, 904 F. Supp. 235 (DCNJ 1995), one of the Defendants pled Guilty prior to the start of trial. In that case the Indictment was redacted to remove all reference to the Defendant that had already pled Guilty. This is what should happen in this case as well.

The Government raises the issue of how it can prove the aiding and abetting allegations if no reference to Ms. Lee is made in the Indictment as it failed to include the words "or others" in the Indictment.

Aiding and Abetting is not an additional crime but is rather an alternative charge. The general rule is that an indictment of an accessory to a crime need not set forth the specific facts or means by which the alleged accessory procured, aided, and abetted the commission of the crime, or aided and abetted the principal in concealing its commission or in escaping. U.S. v. Stozek, 783 F.2d 891 (9th Cir. 1986); Guy v. State, 108 Nev. 770, 839 P.2d 578 (1992); State v. Smart, 136 N.H. 639, 622 A.2d 1197 (1993)

However, the actual or constructive presence of one charged with aiding in the commission of an offense must be alleged in the indictment or information, if the offense charged is a felony. State ex rel. Dooley v. Coleman, 126 Fla. 203, 170 So. 722, 108 A.L.R. 326 (1936).

Because one who is alleged to have aided or abetted may be charged as a principal under 18 U.S.C. § 2, reference need not be made to any other party. As a result the redaction of Ms. Lee from the substantive Fraud counts would still be permissible even in light of the aiding and abetting allegations because each individual examiner can be charged as a principal.

## CONCLUSION

For the forgoing reasons and any arguments that may be advanced at the hearing on this matter, the Indictment should be redacted.

Respectfully submitted this 3rd day of June, 2008.

                              THE LAW OFFICE OF STEPHANIE G. FLORES

                        By: _____
                              Stephanie G. Flores, Esq.
                              Attorney for Francisco Kawamoto