EYLeetrialmemo11

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00004 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **UNITED STATES LISTING OF** |
| ) | **FBI 302 REPORTS** |
| EUN YOUNG LEE, ) | |
| aka Eun Young Cho, ) | |
| aka Ina Lee, ) | |
| MARCELINO J. LASERNA, ) | |
| JOHN W.C. DUENAS, ) | |
| MARY C. GARCIA, ) | |
| JOSEPH PANGELINAN, ) | |
| FRANCISCO SN KAWAMOTO, and ) | |
| MARGARET B. UNTALAN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I. LIST OF ADDITIONAL FBI 302 REPORTS

The defense is not entitled to FBI 302 reports unless they are a record of the defendant's statements as provided by FRCrP 16, or the reports have been reviewed and adopted by a witness, thereby becoming a "statement" of the witness pursuant to the Jencks Act, 18 U.S.C. § 2500. United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991). Nevertheless, attached are the FBI 302 reports which have been generated since the initial discovery was delivered to the defense February 21, 2008.

1) Document 1: the February 25, 2008 interview of Sang Ho Kim after his arrest, which

was provided by letter to defense counsel March 3, 2008. All counsel received a copy of this report. The cover letter to Ms. Stephanie Flores and accompanying report, for example, is attached hereto.

2) Document 2: the June 11, 2007, interview of Ji Eon Lee, who is represented by Howard Trapp. The case is pending trial.

3) Document 3: the March 21, 2007, interview of Dong Pyo Hong. One of the first licensees arrested, Hong pled guilty, was sentenced, and has been deported.

4) Document 4: the February 27, 2008, interview of Young Min Ko, wherein he says that he went to MVD on one occasion, to take the "Guam Driver's License photo," where he met Lee.

5) Document 5: the March 21, 2008, interview of Young Min Ko.

6) Document 6: the April 2, 2008, interview of Sang Ho Kim.

7) Document 7: the April 2, 2008, interview of Sang Ho Kim relating to other crimes of which he was aware.

## II. REPORTS RELATED TO EUN YOUNG LEE

Documents 4-6 were given to Mr. Arens during the course of litigating the government's motion to revoke Lee's recognizance. The FBI had received a tip that Yeong Boem Gim, for whom a warrant of arrest was outstanding, would be leaving Guam. After Gim was arrested at the airport March 20, 2008, he told agents that Lee had arranged for him to leave Guam via Saipan.

The FBI had interviewed Young Min Ko on February 27, 2008. During another interview on March 21, 2008, Ko told agents that Lee had called in August, 2007, urging him to leave Guam and suggesting that the best way would be a one-way flight to Saipan, then on to Korea. Agents were advised that Lee had also told Sang Ho Kim to flee Guam by the same route. Thus, there was independent information to corroborate Gim.

The government filed a motion to revoke Lee's recognizance, which was initially heard

-2-

before the Honorable Joaquin V.E. Manibusan on April 1, 2008. The court continued the hearing to April 3 so that Mr. Arens could get a better understanding of the government's case for revocation. On April 2, 2008, to confirm evidence for the revocation hearing, the FBI interviewed Sang Ho Kim concerning Lee's attempts to get him to leave Guam and to lie to the FBI. During that interview Kim admitted that he had initially lied to agents in the February 25, 2008, interview, and that the truth was that he had met Lee through her friends at the Beverly Hills Gift Shop, not at a bowling alley. On April 3, part of Agent Klocke's testimony concerned this interview. Ultimately, Mr. Arens received several reports related to Lee's attempts to warn licensees, which documents included the 2/27/8 and 3/21/08 interviews of Young Min Ko, and the 4/2/08 interview of Sang Ho Kim (Document 6). As well, after Lee was indicted for alien smuggling, Mr. Arens was given another set of reports on Young Min Ko, as illustrated in the papers labeled document 8.

     Mr. Aren's insulting and unprofessional allegations of a discovery violation are flatly untrue. He knows full well that he was given a copy of document 4, Young Min Ko's 2/27/08 statement, on two separate occasions. Other counsel did not receive a copy because the report only concerns Lee. Instead of proceeding with the cross-examination of Young Min Ko, Mr. Arens caused the jury to recess early, by alleging that the government had failed to give him a copy of the very report he had in his hand.

     Respectfully submitted this  26th  day of June, 2008.

                                 LEONARDO M. RAPADAS
                                 United States Attorney
                                 Districts of Guam and NMI

               By:    /s/ Karon V. Johnson
                      KARON V. JOHNSON
                      Assistant U.S. Attorney