THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
324 West Soledad St.
Hagatna, Guam 96910
Telephone: 671-479-1003
Facsimile: 671-479-1002
Email: sgflores@gmail.com

Attorney for Defendant Francisco Kawamoto

FILED
DISTRICT COURT OF GUAM
SEP 0 9 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-00004 |
| ) | |
| Plaintiff, ) | |
| ) | APPLICATION FOR CERTIFICATION |
| vs. ) | OF EXCESS COMPENSATION |
| ) | PURSUANT TO 18 USC §3006A(d)(3) |
| FRANCISCO KAWAMOTO, ET AL ) | and §3006A(e)(3) |
| ) | |
| Defendants. ) | |

**COMES NOW**, Stephanie G. Flores, court-appointed counsel for Defendant Francisco S.N. Kawamoto ("Defendant") in the above-matter, and hereby applies for certification of excess compensation to counsel pursuant to 18 U.S.C. § 3006A (d)(3) for the representation of Defendant, for services of an unusual character or duration pursuant to 18 U.S.C. § 3006A (e)(3).

### FACTS

The Court may take judicial notice of the following facts: On January 25, 2008, Stephanie G. Flores was appointed to defend Francisco S.N. Kawamoto pursuant to the

Criminal Justice Act of 1967, 18 U.S.C. 3006A since the Defendant was found to be financially unable to obtain adequate representation.

On January 23, 2008, an indictment was filed charging Defendant with Criminal Conspiracy in violation of 18 U.S.C. §§2 and 371 and Fraud Concerning Identification Documents in violation of 18 U.S.C. §§2; 1028(a)(1); 1028(b)(1)(A)(ii); 1028(c)(1); 1028(c)(3)(A). Kawamoto was one (1) of seven (7) Defendants charged in said Criminal Case No. 08-00004

In representing Defendant, legal counsel examined and analyzed over 3000 pages of discovery, interviewed numerous Government witnesses and defense witnesses, drafted and assisted co-counsel, (six (6) legal defense attorneys), with preparing and arguing pre-trial and trial motions.

Before the trial, a plea offer was presented to Defendant, however, after careful review and discussion with client, Defendant refused said plea offer and thus, legal counsel needed to prepare for trial.

Prior to the commencement of trial, legal counsel along with six (6) other co-counsel prepared and argued numerous motions before the court for approximately one and a half (1 ½) weeks. Subsequently, legal counsel prepared and appeared before the court for trial which lasted for approximately four weeks.

After the conclusion of trial, the jury returned not guilty verdicts for all criminal charges against Defendant.

## DISCUSSION

Since being appointed to this case, counsel has reviewed documents which numbered in the thousands, interviewed numerous witnesses, research, prepared and argued numerous motions on behalf of Defendant and has always made herself available for Defendant's questions as well as counseling on various matters involving his case.

In the defense of his case, the seriousness of the charges compounded with the number of witnesses and details to investigate made this case difficult and unusual in character. A number of court appointed investigators were deemed necessary to investigate the facts supporting Defendant's story and legal counsel's defense theory. Witnesses were difficult to locate and in some instances, not found. Additionally, many of the witnesses were Korean Nationals which required translators for purposes of interview creating additional burden and additional time to interview said witnesses. Because of the length of time this case took to prepare, the number of people interviewed and consulted, the thousands of documents reviewed and used in said trial, the seriousness of the criminal charges and discussions with the Assistant U.S. Attorney, and complexity of the matter, appointed counsel hereby requests this court to certify the excess compensation warranted in this matter to provide fair compensation to counsel.

## NO NOTICE TO THE UNITED STATES

As stated earlier, Defendant's case involved working with Defendant along with co-defendant's counsels in preparation of his defense, review and examination of this file,

review of various legal theories for exclusion of evidence, and trial theory and strategy, consultation with the Assistant U.S. Attorney, and consultation and numerous meetings with co-counsels: Richard Arens, Esq., Lelani Lujan, Esq., Mark Smith, Esq., Louie Yanza, Esq., and Cynthia Ecube, Esq.

The defense of Defendant involved and was similar to those legal theories of his Co-Defendants requiring all parties to meet on a constant basis, discuss legal strategies and confer on the direction to take with respect to the legal theories of the case as well as examination of witnesses and presentation of evidence during pretrial hearings and trial.

Since being appointed to represent Defendant in this matter, counsel has expended over three hundred thirty-three and seven-tenths (333.7) hours to date, amounting to legal fees in the amount of Thirty Three Thousand Three Hundred Seventy and 00/100 Dollars ($33,370.00). Excess compensation should be granted because this case falls within the parameters of extended and complex representation.

## FAIR COMPENSATION TO COUNSEL

According to the Guidelines for the Administration of the Criminal Justice Act, the Court must determine a fair reasonable fee using the following criteria: responsibilities involves measured by the magnitude and importance of the case; manner in which duties were performed, knowledge, skill efficiency, professionalism and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services rendered; and any other circumstances relevant and material to determination of a fair and reasonable fee. *United*

States v. Diaz, 802 F.Supp. 304, 307 (C.D. Cal 1992)

In *United States v. Cook*, supra, the Court found that an excess award was necessary to provide the appointed attorney with fair compensation. Its findings were based on the facts of the individual case, considering the time spent, the result achieved and other factors, which in the court's judgment lends meaning to the test.

The Sixth amendment guarantees that all criminal defendants are to be represented by effective legal counsel- counsel who are reasonably diligent, conscientious and competent. *United States v. Bailey*, supra. This and other constitutional guarantees represent the cornerstone of the American criminal justice system and ensure that the process is fundamentally fair.

## CONCLUSION

Accordingly, the undersigned respectfully requests this Court to grant full compensation requested in the final billings of counsel submitted to the Court for payment.

Respectfully submitted this 9th day of September, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Francisco Kawamoto